UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 07-19201 |
| | ) | |
| Anthony M. Gallucci, | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Judge Randolph Baxter |
| | ) | |
| Habbo G. Fokkena, | ) | |
| United States Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proceeding No. |
| vs. | ) | |
| | ) | |
| Anthony M. Gallucci, | ) | |
| | ) | |
| Defendant | ) | |

### COMPLAINT TO DENY DISCHARGE

Plaintiff, Habbo G. Fokkena, United States Trustee for Region 9, ("Plaintiff") brings this action pursuant to 11 U. S. C. § 727(a)(2)(B) & (4)(A) to deny the Chapter 7 discharge of Anthony M. Gallucci ("Defendant"), debtor in underlying bankruptcy case no. 07-19201 and for such other relief as may be just and proper. In support, Plaintiff states:

1. This adversary proceeding is brought pursuant to 11 U.S.C. § 727 and Fed. R. Bankr. Pro. 7001 to deny Defendant's Chapter 7 discharge. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (J). Venue is proper pursuant to 28 U.S.C. § 1409(a).

1

2. Plaintiff has standing to be heard pursuant to 11 U.S.C. §§ 307 & 727(c)(1).

3. On December 4, 2007, Defendant filed a voluntary petition for relief to discharge his debts under Chapter 7 of Title 11.

4. On his petition for relief and also in the schedules and forms filed along with the petition, each signed under penalty of perjury, Defendant made the oath or account that he resides at 10905 Greenhaven Parkway, Brecksville, OH 44141 ("Brecksville property").

5. In the schedules and forms filed along with his petition, signed under penalty of perjury, Defendant made the oath or account that he formerly resided at 9455 Langdon Lane, North Royalton, Ohio, 44133.

6. At an oral examination conducted on February 6, 2008, pursuant to Court order and Fed. R. Bankr. Pro. 2004 ("Rule 2004 Exam"), Defendant averred that he resides at 9455 Langdon Lane, North Royalton, Ohio, 44133, and also that he has resided at this location before, during, and after the filing of the petition.

7. At the 2004 Exam, Defendant made the oath or account under penalty of perjury that he leases the Brecksville property and also that a lease was effective as of the order for relief. Plaintiff possesses a copy of a valid, executed lease between Defendant and the tenants of the Brecksville property.

8. At the 2004 Exam, Defendant stated under penalty of perjury that he had stated on his petition and schedules that he resides at the Brecksville Property because he did not intend to disclose the rental income he received postpetition.

9. On the Official Form B22A (*a.k.a.*, the "Means Test") he filed with his petition, Defendant made the oath or account that during the six-month period during which "current

monthly income" is calculated, Defendant's gross income from rents totaled $1,187.50. Form B22A, line 5. *See* 11 U.S.C. § 101(10A) (defining "current monthly income").

10. On the budget he filed with his petition, Defendant made the oath or account that his monthly "[i]ncome from real property" is zero ($0.00).

11. According to the lease executed between Defendant and the tenants of the Brecksville property, the tenants of the Brecksville property promise to deliver to Defendant one-thousand-and-five-hundred dollars per month ($1,500).

12. On knowledge and belief, Defendant receives "[i]ncome from real property" from the tenants of the Brecksville property in the amount one-thousand-and-five-hundred dollars per month ($1,500).

## **COUNT 1**

13. Plaintiff incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

14. Section 727(a)(2)(B) of the Code provides in applicable part that:

> The court shall grant a discharge unless the debtor has with intent to hinder, delay, or defraud a creditor or an officer of the estate charges with custody of property under this title, has. . . concealed. . . property of the estate, after the date of the filing of the petition.

11 U.S.C. § 727(a)(2)(B).

15. Plaintiff alleges that Defendant's discharge of his debts must be denied because he has, with intent to hinder, delay, or defraud a creditor or an officer of the estate, concealed a lease and a valuable lessor interest that are property of the bankruptcy estate. 11 U.S.C. § 727(a)(2)(B).

3

16. On information and belief, Defendant has continued to receive rents after the order for relief. Said rents are property of the estate.

## **COUNT 2**

17. Plaintiff incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

18. Section 727(a)(4)(A) of the Code provides in applicable part that:

The court shall grant a discharge unless the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account.

11 U.S.C. § 727(a)(4)(A).

19 Plaintiff alleges that Defendant's discharge of his debts must be denied because Defendant knowingly and fraudulently, in or in connection with his underlying bankruptcy case, made a false oaths or accounts. 11 U.S.C. § 727(a)(4)(A).

20. Defendant knowingly and fraudulently signed under penalty of perjury a petition and schedules and forms that indicated that Defendant resides at the Brecksville property, when in fact he did not and does not reside there.

21. Defendant knowingly and fraudulently signed under penalty of perjury schedules and forms that said his monthly "[i]ncome from real property" is zero ($0.00), when in fact he receives one-thousand-and-five-hundred dollars ($1,500) on account of the lease of the Brecksville property.

22. Defendant knowingly and fraudulently made the oath or account on Official Form B22A that during the six-month period during which "current monthly income" is calculated, Defendant's gross income from rents totaled $1,187.50. On knowledge and belief, Defendant

4

received gross rents in excess of $1,187.50 during this period.

**WHEREFORE**, the United States Trustee asks this Court to deny the Defendant's discharge under 11 U. S. C. § 727(a)(2)(B) & (4)(A) and for such further relief as this Court deems just and proper.

Respectfully submitted,

**HABBO G. FOKKENA**
United States Trustee Region 9

by:     */s/ Scott R. Belhorn*
Scott R. Belhorn (#0080094)
Trial Attorney
Department of Justice
Office of the U.S. Trustee
H.M. Metzenbaum U.S. Courthouse
201 Superior Avenue, Suite 441
Cleveland, Ohio 44114-1240
(216) 522-7800 Ext. 260
(216) 522-7193 (fax)

5